# FLETCHER *v.* LIPSCOMB.

---

EQUITY; DECREES; APPEAL AND ERROR.

An order in an equity cause, requiring the complainant to take and file his testimony within one week, "otherwise the bill of complaint will stand dismissed," does not become a final order after the expiration of the week, but, until a decree is passed actually dismissing the bill, remains an interlocutory order, which may be vacated and set aside by the court.  The use of the word "stand" in the order, instead of the word "be," makes no difference in the meaning of the order.

No. 2159.   Submitted November 1, 1910.   Decided December 5, 1910.

HEARING on an appeal by the defendant from an order of the Supreme Court of the District of Columbia, sitting as an equity court, vacating a previous order, and restoring the cause to the calendar.                         *Appeal dismissed.*

The facts are stated in the opinion.

*Mr. Edmund Burke* and *Mr. Lawrence Hufty* for the appellant.

*Mr. William B. Reilly* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decree of the supreme court of the District (1) setting aside an order of the 26th of February, 1909, "that the complainant (Arthur L, Lipscomb, appellee here) take and file his testimony in this case within one week from this date, otherwise the bill of complaint will stand dismissed;" and (2) restoring the case to the docket for further proceedings.

The appellant here (James J. Fletcher) contends that more than one week having elapsed between the date of said order of 1909 and the taking and filing of complainant's testimony, the order had become final; and that therefore the court, at the expiration of the term during which the order was made, was without authority to set it aside. If said order was in the nature of a final decree, it is of course conceded that the above contention of appellant is correct. But it is insisted by appellee, and his view finds support in the decision of the learned trial justice, that said order was not a final decree. If it was merely an order nisi, that is, an order preliminary in its nature, something further remained to be done before the rights of the parties became fixed, and until that something was done, the court necessarily retained jurisdiction over the cause.

In *Chicago, D. & V. R. Co.* v. *Fosdick,* 106 U. S. 69, 27 L. ed. 55, 1 Sup. Ct. Rep. 10, the court, in support of its definition of a decree nisi, said "According to the practice of the English chancery, a decree of this nature in a foreclosure suit, after directing an account to be taken of the principal and interest due to the complainant upon the mortgage, orders that upon the defendant's paying the amount ascertained and certified or found to be due, within six months, at such time and place as are appointed, the complainant shall reconvey the mort-

gaged premises; but that in default of such payment, the defendant shall thenceforth be absolutely debarred and foreclosed of his equity of redemption. It is necessary, however, for the complainant, in order to complete his title, to procure a final order confirming it; otherwise the decree of foreclosure will not be pleadable. This order of confirmation is procured on proof to the court of nonpayment according to the terms of the decree. 2 Dan. Ch. Pl. & Pr. 997." We think the reasoning of the court in the Fosdick Case applicable to the case at bar. Accepting that reasoning, it becomes apparent that the clerk of the court below was not authorized, at the expiration of one week from the entry of said order of 1909, without any further order from the court, to enter the case dismissed, and tax costs against the complainant. The court was sitting as a court of equity; and according to the rules of that court it is always open for making interlocutory orders. It well might have happened that the court in chambers, for good cause shown, had enlarged said order and failed to bring the matter to the attention of the clerk. Another reason suggests itself in support of the contention that this was intended to be no more than an order nisi. Suppose the complainant had, as he conceived, complied with the order, but that the defendant had contended otherwise, and had insisted that the clerk enter the cause dismissed. Was the clerk to decide the question? Manifestly not. The more reasonable view is that the order was preliminary and interlocutory, and that proof was required of its nonfulfilment before the entry of final judgment thereon.

Appellant attaches some significance to the use of the word "stand" in the order. We agree with the learned trial justice that the use of "stand" instead of "be" makes no difference "in the actual meaning of the order." 3 Dan. Ch. Pl. & Pr. 2222–26.

Having found that the order from which this appeal was taken was not a final order, it follows that the appeal must be dismissed with costs, and it is so ordered.          *Dismissed.*